**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JEFFREY E. MINOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:11-cv-00632-WTL-DML |
| | ) | |
| FASTENAL DISTRIBUTION COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Directing Further Proceedings**

**I.**

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983) (citations omitted). As part of this requirement, a party must demonstrate standing to sue in federal court. *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 756 (7th Cir. 2008).

The claim in this action is also a "claim" within the meaning of 11 U.S.C. § 101(5)(A) because it constitutes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or unsecured." "Debtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or are unavailable to the bankruptcy estate." *Matter of Yonikus,* 974 F.2d 901, 904 (7th Cir. 1992). When a bankruptcy petition is filed, all of the debtor's "legal and equitable interests . . . in property" as of the filing of the bankruptcy case became the property of the bankruptcy estate. 11 U. S. C. § 541( a)( 1); *Mele v. First Colony Life Ins. Co.,* 127 B. R. 82, 84 & n.9 (D.D.C. 1991).

As pertinent here, when Plaintiff Jeffrey Minor filed his Bankruptcy petition, all of his "legal and equitable interests . . . in property" as of the filing of the bankruptcy case became the property of the bankruptcy estate. 11 U. S. C. § 541(a)( 1); *Mele v. First Colony Life Ins. Co.,* 127 B. R. 82, 84 & n.9 (D.D.C. 1991).

**II.**

Inasmuch as the plaintiff's report of March 26, 2011, recites that the claim in this action was not listed as an asset in the bankruptcy filing to which the plaintiff has already made reference, but inasmuch as it also appears that the claim in this action was a claim as that term is defined in § 101(5), the plaintiff shall have **through July 11, 2011**, in which to **show cause** why the action should not be dismissed for lack of jurisdiction because he lacks standing to assert the claim.

**IT IS SO ORDERED.**

Date: _06/30/2011_____

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey E. Minor
4423 Mountbatten Court
Indianapolis, IN 46254